IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN TEZAK, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LIVE NATION ENTERTAINMENT, INC., et al., )<br>)<br>Defendant. ) | Case No. 20-cv-2482<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff John Tezak brought this class action lawsuit against defendants Live Nation Entertainment, Ticketmaster, LLC, and associated companies alleging various state law claims, including breach of contract and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, among others. Before the Court is defendants' motion to compel arbitration brought under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. For the following reasons, the Court grants defendants' motion.

**Background**

Tezak's complaint is based on his purchase of tickets to a March 17, 2020 Blake Shelton concert at the Allstate Arena in Rosemont, Illinois, that was postponed indefinitely due to the COVID-19 pandemic. In order to purchase tickets, Tezak created an account on Ticketmaster's mobile website. By using the website, Tezak agreed to Ticketmaster's Terms of Use, which in include:

> **ANY DISPUTE OR CLAIM RELATING IN ANY WAY TO YOUR USE OF THE SITE, OR TO PRODUCTS OR SERVICES SOLD, DISTRIBUTED, ISSUED, OR SERVICED BY US OR THROUGH US, WILL BE RESOLVED BY BINDING, INDIVIDUAL ARBITRATION, RATHER THAN IN COURT[.]**

> …
>
> The arbitration agreement in these Terms is governed by the Federal Arbitration Act (FAA), including its procedural provisions, in all respects. This means that the FAA governs, among other things, the interpretation and enforcement of this arbitration agreement and all of its provisions, including, without limitation, the class action waiver discussed below. State arbitration laws do not govern in any respect.
>
> This arbitration agreement is intended to be broadly interpreted and will survive termination of these Terms. The arbitrator, and not any federal, state or local court or agency, shall have exclusive authority to the extent permitted by law to resolve all disputes arising out of or relating to the interpretation, applicability, enforceability, or formation of this Agreement, including, but not limited to, any claim that all or any part of this Agreement is void or voidable.
>
> …
>
> We each agree that the arbitrator may not consolidate more than one person's claims and may not otherwise preside over any form of a representative or class proceeding, and that any dispute resolution proceedings will be conducted only on an individual basis and not in a class, consolidated or representative action. **YOU AGREE TO WAIVE ANY RIGHT TO A JURY TRIAL OR TO PARTICIPATE IN A CLASS ACTION LAWSUIT OR CLASS-WIDE ARBITRATION.**

(R. 18, Ex. 6, Terms of Use.)

**Legal Standard**

The FAA requires enforcement of valid arbitration agreements. *See* 9 U.S.C. § 4. Before compelling arbitration, the Court must determine whether a valid arbitration agreement exists. *Henry Schein, Inc. v. Archer and White Sales, Inc.,* ___ U.S. ___, 139 S.Ct. 524, 530, 202 L.Ed.2d 480 (2019). In determining whether an agreement's arbitration clause controls, federal courts apply state-law principles of contract formation. *Gupta v. Morgan Stanley Smith Barney, LLC*, 934 F.3d 705, 710 (7th Cir. 2019).

**Discussion**

Here, Tezak does not dispute that he affirmatively agreed to Ticketmaster's Terms of Use when he purchased the Blake Shelton concert tickets. Instead, Tezak attempts to create an ambiguity to show that the parties did not clearly and unmistakably delegate the threshold arbitrability questions to the arbitrator. *See Henry Schein,* 139 S.Ct. at 530. In support of his

argument, Tezak relies on language in the parties' agreement citing to the Illinois Ticket Sale and Resale Act:

> [P]ursuant to the Illinois Ticket Sale and Resale Act, 815 ILCS 414/1.5 et seq., if your dispute regards the re-sale of a ticket for any event located in the State of Illinois, then the following applies: You may submit complaints to JAMS under its rules and procedures, as outlined in this section, and any such claims shall be decided by an independent arbitrator in accordance with these Terms. You also agree to submit to the jurisdiction of the State of Illinois for any complaints involving a ticketed event held in Illinois. If you have an inquiry regarding a ticket re-sale transaction made for any event located in Illinois, please contact us at 550 W. Van Buren Street, 13th Floor, Chicago, Illinois 60607 or (877) 446-9450.

(Ex. 6, Terms of Use).

By the statute's own terms, this resale provision applies only to resale purchases, not purchases made directly through Ticketmaster. Put differently, the language in the statute incorporated into the Terms of Use, is not susceptible to more than one meaning, and thus is not ambiguous as Tezak claims. *See Thompson v. Gordon*, 948 N.E.2d 39, 47, 349 Ill.Dec. 936, 944, 241 Ill.2d 428, 441 (Ill. 2011). Here, Tezak's purchase of tickets for the Shelton Blake concert were original sale, primary market tickets sold by Ticketmaster on behalf of the venue. As such, the Illinois resale provision and its Illinois-specific terms are not relevant to Tezak's purchase.

The Court thus turns to Tezak's argument that the parties' agreement does not establish by clear and unmistakable evidence that they delegated the threshold arbitrability questions to the arbitrator. Here, the Terms of Use unequivocally state: "The arbitrator, and not any federal, state or local court or agency, shall have exclusive authority to the extent permitted by law to resolve all disputes arising out of or relating to the interpretation, applicability, enforceability, or formation of this Agreement[.]" This unambiguous language meets the requisite "clear and unmistakable" standard. In short, Tezak and defendants chose to delegate questions of arbitrability to the arbitrator. Tezak's arguments based on Illinois' resale statute and the similar Terms of Use language

that contain Illinois-specific terms do not change this analysis or create an ambiguity because these provisions are not relevant under the circumstances.

**Conclusion**

Based on the foregoing, the Court grants defendants' motion to compel arbitration [16]. Civil case terminated.

**IT IS SO ORDERED.**

Date: 3/10/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge